452 So.2d 687 (1984)
STATE of Louisiana
v.
Reginald ANDREWS.
No. 82-KA-2429.
Supreme Court of Louisiana.
June 27, 1984.
*688 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan Goudeau, III, Dist. Atty., Robert Brinkman, Asst. Dist. Atty., for plaintiff-appellee.
Hugh William Thistlethwaite, Felix Octave Pavy, Thistlethwaite, Thistlethwaite & Pavy, Opelousas, for defendant-appellant.
DIXON, Chief Justice.
Reginald Andrews was charged with the first degree murder (R.S. 14:30(3)) of Patrick Anderson. A jury found him guilty of the charge and recommended life imprisonment. Accordingly, the trial judge sentenced Andrews to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The case was originally scheduled for summary treatment; however, after review we decided to treat one issue (Assignments of Error Nos. 8 and 9) in a written opinion.[1] Finding the evidence insufficient to support the jury's verdict, we amend it and render a judgment of conviction on the lesser included responsive offense of second degree murder.
Andrews and Patrick Anderson were involved in a fight in a night club in which Patrick's brother, Joel, joined. Andrews then left the club and went to his girl friend's house. He asked for a gun and told his girl friend's mother and sister that he intended to kill both the Anderson brothers.
Andrews, accompanied by the two women, then went to search for his girl friend. Along the way, Andrews saw Joel. He grabbed a gun from a purse and ran after Joel, who fled. No shots were fired. Andrews continued to search for the two brothers in the area around the night club where the fight had occurred.
Andrews then saw Patrick walking out of the club with a friend. He shot and killed Patrick and questioned his companion as to Joel's whereabouts. Not finding him, Andrews returned to his girl friend's house. Police arrested Andrews later that night as he attempted to flee the city. He told police that he intended to "get" both brothers.
R.S. 14:30(3) provides that first degree murder is "the killing of a human being ... [w]hen the offender has a specific intent to kill or to inflict great bodily harm upon more than one person." To find Andrews guilty of this crime, the jury must have concluded that Andrews, as he was shooting Patrick, simultaneously harbored a specific intent to kill Joel, even though the act of firing the gun at Patrick could not have affected or struck Joel.
In reviewing convictions on appeal, the court must decide whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable *689 doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In this case, specific intent to kill or inflict great bodily harm upon more than one person is an essential element. The general part of the Criminal Code defines specific intent as "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act." R.S. 14:10(1). (Emphasis added).
Firing at and killing Patrick is the act which produced the "prescribed criminal consequence." Based on this record, no rational trier of fact could have concluded beyond a reasonable doubt that Andrews, by firing at Patrick, actively intended to kill both Patrick and Joel.[2]
This court, pursuant to C.Cr.P. 821(E), has the power to modify the verdict and render a judgment of conviction on a lesser included responsive offense. Second degree murder is a responsive verdict to first degree murder. C.Cr.P. 814(A)(1). R.S. 14:30.1(1) defines second degree murder as "the killing of a human being ... [w]hen the offender has a specific intent to kill or inflict great bodily harm." Second degree murder carries a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The record clearly supports a conviction on such a charge.
Accordingly, defendant's conviction is modified to second degree murder (R.S. 14:30.1(1)). The conviction (as modified) and the sentence (the same for second degree murder as the one imposed for first degree murder) are affirmed.
LEMMON, J., dissents and assigns reasons.
LEMMON, Justice, dissenting.
The Legislature, in defining first degree murder in La.R.S. 14:30 as a killing "where the offender has a specific intent to kill or to inflict great bodily harm upon more than one person", focused on defining the offender's state of mind at the time of the killing of one human being.[1] The criminal consequence element of the statute requires *690 proof of the killing of one person. The additional intent element requires proof that the offender, at the time of the killing, must have also formed a specific intent to immediately kill or inflict great bodily harm upon a second person. Proof of that intent need not include evidence that a second intended victim was present at the time of the killing; the evidence of intent is sufficient if it establishes that the offender's intent was immediately capable of accomplishment in a single consecutive course of conduct. See State v. Welcome, (La.1984) (No. 82-KA-2232) (which involved the issue of the sufficiency of the evidence to support the aggravating circumstance in La.C.Cr.P. Art. 905.4(d) that "the offender created a risk of death or great bodily harm to more than one person").[2]
In the present case, the offender clearly had the specific intent, throughout his single continuous course of conduct closely related in time and place, to kill or inflict great bodily harm on both brothers.[3] The evidence that defendant had an "active desire" to kill both Anderson brothers, which was formulated prior to the chasing of the first brother and which persisted through the killing of the second brother, was sufficient to support the conviction of first degree murder.[4]
NOTES
[1] Andrews' other assignments are without merit. We have treated them in an unpublished appendix which is attached to this opinion and is part of the official record in this case.
[2] But see State v. Willie, 360 So.2d 813 (La. 1978). Willie was convicted of first degree murder at a time when R.S. 14:30 carried a mandatory death sentence. The crime, however, was still defined as the killing of a human being "with the specific intent to kill or to inflict great bodily harm upon more than one person." State v. Willie, supra, at 816.

Willie knew and was apparently in love with the victim who lived with him. She did not care for Willie, however, and filed suit to stop him from harassing her. He then wrote, but did not mail, several letters in which he resolved to kill the woman along with her mother and father. Early one morning he broke into her parents' home, thinking that all three would be inside. Only the victim and her two children were there, however. Willie shot the victim and left the children unharmed.
On appeal, he argued that there was no evidence of specific intent to kill more than one person. Whether these facts are distinguishable from those in the present case is debatable. The legal standards, however, have clearly changed. At the time of the Willie decision, the standard for review on appeal was the "no evidence" rule. A majority of this court held that the letters, Willie's knowledge of the victim's whereabouts, and the late entry at a time when the parents would have presumably been inside were sufficient to establish "some evidence" of the intent to kill more than one person, and the court affirmed the jury's decision. Application of the Jackson v. Virginia standard to the facts in Willie might well require a different conclusion. See also State v. Tyler, 342 So.2d 574, 582 (La.1977).
In addition, the statute under which Willie's mandatory death sentence was imposed had been declared unconstitutional by the United States Supreme Court. The harshest sentence which Willie could receive was life imprisonment without benefit of parole, probation or suspension of sentence for twenty years. State v. Willie, supra, at 815.
Finally, there was no procedure at the time of the Willie decision for this court to modify a judgment of conviction to a lesser included responsive verdict after reviewing the sufficiency of the evidence. See State v. Willie, supra, at 817-18 (Tate and Dennis, JJ., concurring). After State v. Byrd, 385 So.2d 248 (La.1980) and the subsequent amendment to C.Cr.P. 821, the court now has this power.
[1] La.R.S. 14:30(3) provides:

"First degree murder is the killing of a human being:
* * * * * *
"(3) Where the offender has a specific intent to kill or to inflict great bodily harm upon more than one person."
[2] In Welcome, the defendant became involved in a fight with two people. He killed one victim with several shots, the first fired at close range and the remainder while pursuing the victim around the house. Defendant then reloaded his pistol, returned to the front of the house, threatened the second victim and chased her down the street, where he fired multiple shots into her while she begged for mercy.

In determining whether the evidence supported a finding of the aggravating circumstance, this court stated:
"Either a single act of homicide by an offender must create a genuine risk of death or great bodily injury to more than one person, such as the risk created by the explosion of a bomb in a crowded building; or, a single consecutive course of conduct by the offender must contemplate and actually cause the death of one person and the death or great bodily harm of another, such as the slaying of four persons in close proximity and in rapid succession in a house trailer." (Emphasis supplied.)
See also State v. Martin, 376 So.2d 300 (La. 1979); State v. Sonnier, 402 So.2d 650 (1981).
The present case raises for the first time an issue concerning the difference in terminology between La.R.S. 14:30(3), which defines one of the aggravating factors required as an essential element of the crime of first degree murder, and La.C.Cr.P. Art. 905.4(d), which defines one of the statutory aggravating circumstances required for a recommendation of the death penalty in the sentencing phase of a bifurcated capital trial. When a defendant acts with a specific intent to kill more than one person, but does not actually and "knowingly create a risk of death or great bodily harm to more than one person", he is guilty of first degree murder, but arguably may not be "death qualified" because of the insufficiency of proof of a statutory aggravating circumstance. The present case, however, does not present this problem, because the jury did not recommend the death penalty.
[3] Whether the killing of one or more victims in a pre-planned series of murders which takes place over an extended period of time would qualify as first degree murder under La.R.S. 14:30(3) is not before us. This murder of one victim occurred in the same area and time frame as the search for and encounter with the second intended victim, and the offender at the time of the killing had the specific intent to immediately kill or inflict great bodily harm on both.
[4] It is interesting to note that defendant, when he armed himself with a dangerous weapon and set out in search of the two intended victims with a specific murderous intent toward both, was clearly guilty under La.R.S. 14:27 of attempted first degree murder of each brother, even if he had not found either. La.R.S. 14:27 provides that the offender's acts are "sufficient to constitute an attempt" if the offender is "searching for the intended victim with a dangerous weapon".