458 So.2d 1289 (1984)
STATE of Louisiana
v.
Larry STEWART.
No. 82-KA-2550.
Supreme Court of Louisiana.
November 26, 1984.
Rehearing Denied January 24, 1985.
*1290 William J. Guste, Jr. Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Campbell, Philip Pressnitz, Michael Simpson, Asst. Dist. Attys., for plaintiff-appellee.
John M. Lawrence, New Orleans, Orleans Indigent Defender Program, for defendant-appellant.
DENNIS, Justice.
Defendant, Larry Stewart, was convicted of first degree murder, La.R.S. 14:30, and sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. Defendant appealed and filed fifteen assignments of error.
As defendant contends in his 15th assignment of error, the evidence is not sufficient constitutionally to support the jury's verdict of first degree murder. Stewart's other assignments of error do not raise any issue of reversible or publishable merit as will be reflected by the reasons stated in the attached unpublished appendix. Accordingly, in this opinion we discuss only the sufficiency of evidence issue.
After an afternoon of drinking, Stewart drove his car into a ditch in front of his house. His common law wife, Ruby Marcel, came out and the two began to quarrel. They entered the house where the argument led to curses, threats and violence. Stewart fired a pistol into the ceiling, and Ruby struck him with a meat cleaver.
Two visitors, Ruby's son, Richard Marcel, and Ruby's sister, Gloria Franklin, managed to restrain Stewart while Ruby ran outside and hid under the house. After her sister escaped, Gloria Franklin also ran out of the house. After a brief lull, Stewart placed the barrel of his pistol on Richard Marcel's neck and fatally wounded him.
Gloria Franklin testified that she heard the weapon fire as she ran towards her car outside Stewart's house. As she was trying to open the car door, she looked over her shoulder and saw Stewart walking towards her at a brisk pace. He walked directly up to her, grabbed her coat, put the gun to her chest and fired. Gloria *1291 Franklin was severely wounded but she recovered to testify against the defendant.
The evidence is susceptible to the interpretation that Stewart, when he shot and killed Richard Marcel inside the house, planned to find Gloria Franklin outside the house and shoot her too. The evidence cannot, however, reasonably support a finding that Stewart, actively desired or specifically intended to kill Franklin by the same act with which he killed Marcel.
Consequently, this case presents the same legal question which was recently resolved by State v. Andrews, 452 So.2d 687 (La.1984): Under La.R.S. 14:30(3), which provides that first degree murder is "the killing of a human being ... [w]hen the offender has a specific intent to kill or to inflict great bodily harm upon more than one person," is the state required to prove that the accused specifically intended by the same act to kill or greatly harm more than one person?
This court in State v. Andrews, supra, answered the question in the affirmative. We pointed out that "specific intent" is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow from his act or failure to act." La.R.S. 14:10(1). Under the statutory definition, in order for it to be said that a person has formed a specific intent he must commit an act (or fail to act) and actively desire that certain statutorily prescribed consequences will result from his act (or failure to act). Accordingly, unless a statute clearly indicates that the term "specific intent" is used differently than as defined, the courts cannot extend the meaning of specific intent in the definition of a crime to include an active desire that criminal consequences will result from a future, yet uncommitted act.[1] The articles of the criminal code cannot be extended by analogy so as to create crimes not provided for therein. La.R.S. 14:3.
The use of the term "specific intent" by the lawmakers in defining first degree murder by La.R.S. 14:30(3) does not reflect a clear intention to refer to future criminal acts separate from the commission of the killing. Therefore, La.R.S. 14:30(3) requires that the offender must actively desire that the death or great bodily harm of more than one person result from the act or acts by which he committed the homicide or by an act inseparable therefrom.
Applying these precepts, we conclude that, based on this record, no rational trier of fact could have concluded beyond a reasonable doubt that Stewart, by firing at Richard Marcel inside the house, or by any other act inseparable from the killing of Marcel, actively desired as a result to kill or inflict great bodily harm on more than one person. Due process will not permit a conviction to stand unless, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Accordingly, since a specific intent to kill or inflict great bodily harm upon more than one person is an essential element of the crime in this case, the conviction cannot withstand constitutional scrutiny.
This court, pursuant to La.C.Cr.P. 821(E), is authorized to modify the verdict and render a judgment of conviction on a lesser included responsive offense. The court's power to so amend a judgment of conviction is restricted to cases in which the trier of fact necessarily determined that the defendant was guilty of the lesser and included offense because that finding was essential to finding the defendant guilty of the greater and inclusive verdict. *1292 La.Const. art. 5 § 5; See State v. Byrd, 385 So.2d 248 (La.1980); State v. Tillman, 356 So.2d 1376 (La.1978), See Note 2. Second degree murder is a responsive offense to first degree murder. La.C.Cr.P. 814(A)(1). La.R.S. 14:30.1(1) defines second degree murder as "the killing of a human being ... [w]hen the offender has a specific intent to kill or inflict great bodily harm." This finding was essential to a conviction of first degree murder and necessarily was made in this case by the jury in reaching its verdict. The record clearly supports that finding and a conviction of second degree murder.
Accordingly, defendant's conviction is amended by converting it to a conviction of second degree murder, La.R.S. 14:30.1(1). As amended, the conviction is affirmed. Second degree murder carries a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. This is the same sentence which the defendant received. The sentence, therefore, is affirmed.
AFFIRMED AS AMENDED.
WATSON, J., concurs in the result noting that the statute does not limit the offense to the result of a single act.
MARCUS and BLANCHE, JJ., dissent and assign reasons.
LEMMON, J., dissents and will assign reasons.
MARCUS, Justice (dissenting).
Using the test fashioned by the majority, I am of the opinion that the act of shooting Franklin was "inseparable" from the act of killing Marcel. However, the majority unduly restricts specific intent. Intent is a question of fact which "may be inferred from the circumstances of the transaction." La.R.S. 15:445. Under the circumstances of the transaction in this case, at the time defendant shot and killed Marcel, he specifically intended to kill or inflict great bodily harm upon Franklin. The act of shooting Franklin was part of a single course of conduct that began with the act of shooting and killing Marcel. Accordingly, I respectfully dissent.
BLANCHE, Justice (dissenting).
This writer respectfully dissents being of the opinion that the requirements of first degree murder are satisfied when the offender in a single consecutive course of action intends and actually causes the death of one person and the death or great bodily harm of at least one more person. State v. Martin, 376 So.2d 300 (La.1979); State v. English, 367 So.2d 815 (La.1979); State v. Sonnier, 379 So.2d 1336 (La.1980). This case differs from State v. Andrews, 452 So.2d 687 (La.1984) in that the defendant in Andrews could not have killed both brothers in one continuous course of conduct.
NOTES
[1] Our opinion in the present case does not modify the holdings of State v. Welcome, 458 So.2d 1235 (La.1984); State v. Sonnier, 379 So.2d 1336 (La.1980); State v. Martin, 376 So.2d 300 (La.1979), which involved interpretations of one of the rules provided for sentencing in capital cases, La.C.Cr.P. art. 905.4(d), and not crime definitions. Furthermore, the language differences in the crime definition provision and the sentencing provision were intentional since both were enacted by the same act of the legislature. See 1979 Acts, No. 74 §§ 1 and 2.