KLEES, Judge.
This appeal follows from the defendant’s conviction of attempted theft of goods valued under $100.00. The defendant, who has been convicted of theft twice previously, was sentenced to serve one year in prison. On appeal, the sole issue is whether the defendant received an illegal or excessive sentence. We find that he did not.
On December 10, 1983, officer Juan Cu-ret, who was working a paid detail as a security guard at a shopping center, walked into Walgreen’s Drugstore and observed the defendant remove a plastic shopping bag from his pocket and open it. He then saw the defendant walk over to a display case and remove from it a box containing a radio, which he placed in the shopping bag. The defendant then walked to a security mirror and looked around as if to see if anyone was watching him, went back to the display case and took another radio. With both radios in the bag, the defendant walked past the cash register in the electronics section and past another checkout station to an entrance gate, which was clearly marked “No Exit”. At this point the defendant turned around and was met by Officer Curet, who asked him what he had in the bag. He responded that the bag contained some things he was bringing back to exchange. When the officer asked to see the bag, the defendant dropped the bag and began running toward the front of the store. He was pursued by Officer Cu-ret, who finally apprehended him with the help of a customer, Richard Alexander. After a struggle, the two men handcuffed the defendant to a display rack. Officer Curet sustained a lacerated elbow with a chipped bone and a partially dislocated shoulder as a result of the struggle. Several other policemen arrived on the scene and conducted a search of the defendant, which revealed no weapons or money. The bag was found to contain two radios, valued at $24.99 each, and no sales receipt. The defendant was charged with the theft of goods valued under $100.00, third offense, in violation of LSA-R.S. 14:67, and pled not guilty. He was tried, and a six-member jury found him guilty of attempted misdemeanor theft as a third offender. He was sentenced to one-year imprisonment, and filed this appeal.
A. Errors Patent
A review of the record reveals there are no errors patent.
B. Sufficiency of Evidence
Even though the defendant has not complained that the evidence was insufficient to convict him, we must nevertheless review the sufficiency of evidence on appeal. State v. Raymo, 419 So.2d 858 (La. 1982). The purpose of our review is to determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687, 688-89 (La.1984). In this case, the State presented as witnesses Officer Curet, Mr. Alexander, and Ms. Virginia Graham, the drugstore manager, all of whom testified uniformly as to the essential facts. In addition, the State introduced documentary evidence of the defendant’s pleas of guilty to two prior theft charges, and the defense stipulated that the defendant had been convicted of these prior crimes.
After reviewing the record thoroughly, we find that the State presented sufficient evidence to prove beyond a reasonable doubt that the defendant was guilty of attempted theft, third offense.
C. Illegal Sentence
The defendant’s sole assignment of error is that the trial judge imposed an illegally excessive sentence. He was sentenced to serve one year in Parish Prison. Accord *705 ing to LSA-R.S. 14:27 D(2), the attempt statute:
D. Whoever attempts to commit any crime shall be punished as follows:
(2) If the offense so attempted is theft or receiving stolen things, and is not punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. If the offense so attempted is theft or receiving stolen things and is punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned not more than one year, or both.
The defendant claims that, under this statute, the maximum sentence he could have received is six months because he was convicted of attempted misdemeanor theft, which is not a felony. We disagree with this argument.
The precise language of the statute provides that if the crime which the defendant has attempted is punishable as a felony, the defendant may receive up to one year in prison. LSA-R.S. 14:2(4) defines a felony as “any crime for which an offender may be sentenced to death or imprisonment at hard labor.”
In this case, the jury verdict found the defendant guilty of “attempted misdemeanor theft, third offender.” LSA-R.S. 14:67, the theft statute, provides, in pertinent part:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations....
When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
(Emphasis added). It is clear that, had the defendant been convicted of misdemeanor theft (rather than of attempted misdemean- or theft) as a third offense, he could have been sentenced to imprisonment with hard labor. In other words, the crime which the defendant attempted is punishable as a felony. This is all that is required by LSA-R.S. 14:27.
The defendant argues that the phrase “in such cases” in LSA-R.S. 14:67 means “in cases where the offender has been convicted of theft of goods valued under one hundred dollars.” We agree. The defendant further contends that, because he was convicted of attempted theft rather than of theft, he cannot be considered a third offender and his offense is not punishable as a felony. This argument ignores the fact that the attempt statute requires only that the crime attempted be punishable as a felony.
In any attempt situation, the offender’s punishment depends upon the sentence he could have received if he had been convicted of having completed the crime attempted. In this case, there is no question that if the defendant had been convicted of the theft, he could have been sentenced to imprisonment with hard labor because he has two prior theft convictions. Thus, the crime he attempted is punishable as a felony, and, under LSA-R.S. 14:27 D(2), the maximum sentence he could receive is one year in prison. Because he did receive one year in prison, we hold that his sentence is not illegal or excessive. Accordingly, for the reasons stated, we affirm the defendant’s conviction and sentence.
AFFIRMED.