GULOTTA, Judge.
The sole issue before this court comes to us by way of a writ application and an appeal.[1]
On March 3, 1984, Ferdinand Johnson, following an argument in the victim’s grocery store with the victim and his sister-in-law, shot and killed the store owner. Johnson had fired six shots in succession from a hand gun striking the owner and missing the other party.
Defendant was indicted under LSA-R.S. 14:30(3) for first degree murder “while attempting to kill more than one person.” In response, the defense filed a motion to quash contending that the indictment failed to charge an offense punishable under a valid statute. See LSA-C.Cr.P. Art. 532(1).[2] The trial judge granted defendant’s motion.
The reasoning of the trial judge in the instant case was that one of the criteria for an indictment under LSA-R.S. 14:30(3) requires that there must be a death or the infliction of great bodily harm on more than one person. Because only one person was shot, the requirements of the statute *392 were not satisfied, according to the trial judge. We do not agree.
We fail to find support for this requirement. The statute requires only that an attempt is made to kill more than one person. It does not require an allegation that the defendant caused the death or the infliction of great bodily harm on more than one person.
Further, we do not find support from the cases relied on by the trial judge for the requirement that more than one person be killed or injured. In State v. Andrews, 452 So.2d 687 (La.1984), the defendant’s conviction was modified from first degree murder to second degree. In that case, concluding that the requirements of LSA-R.S. 14:30(3) were not met the court stated that the killing of one person by the defendant does not support a conclusion that he “actively intended” to kill more than one person unless while shooting the victim the defendant simultaneously harbored a specific intent to kill another person the requirements of the statute had not been met.
In State v. Stewart, 458 So.2d 1289 (La.1984) the Supreme Court again reduced a first degree murder conviction to a second degree one. In Stewart, the defendant, after a scuffle inside a house with both victims, killed one after the other fled. He then pursued the second victim to her car where he shot and wounded her. The Supreme Court stated that the evidence cannot reasonably support a conclusion that defendant actively desired or specifically intended to kill the second victim by the same act with which he killed the first one. The Stewart court, citing State v. Andrews, requires the state to prove that the accused specifically intended “by the same act” to kill or inflict great bodily harm on more than one person.
Finally, in State v. Welcome, 458 So.2d 1235 (La.1983) the Supreme Court, affirming a first degree murder conviction, concluded that both victims deaths resulted from “a single consecutive course of conduct”. In none of the cited cases do we find the Supreme Court setting forth a requirement that more than one person be killed or that great bodily harm be inflicted on more than one person.
In the instant case, we conclude that the firing of the six shots by defendant following an altercation between both parties, in which one person was killed, alleges a violation of R.S. 14:30(3).
Having so concluded we reverse the trial court’s judgment quashing the indictment and remand the matter to the trial court for further proceedings.
REVERSED AND RENDERED.

. Pursuant to the trial judge granting defendant’s motion to quash the indictment charging him with first degree murder, the State filed a writ application requesting the trial judge’s decision be overturned. Considering the fact the trial judge’s decision constituted a final judgment, and that the State’s proper procedural remedy was by appeal, LSA-C.Cr.P. Art. 912, this court converted that writ application to an appeal.

. LSA-C.Cr.P. Art. 532 provides in pertinent part: ... that a motion to quash may be granted ... when the indictment fails to charge an offense under a valid statute....