GULOTTA, Judge.
Defendant appeals his convictions on two counts of attempted first degree murder in violation of LSA-R.S. ,14:27 and 14:30 for the shotgun shooting of two women. We affirm the convictions, but vacate the sentences and remand for resentencing.
On April 14, 1984, at his residence with Mrs. Joyce Pratt and her daughter Monica, defendant became angry when the kitchen oven began to smoke. After words with the two women, defendant told them he would show or teach them not to “mess” with him, went to the back of the house, returned with a shotgun, and shot Monica as she sat at the dining room table, wounding her in her right arm. Monica ran to the back of the house, heard a second shotgun blast, and went to the kitchen, which leads into the dining room area, where she found her mother wounded in the leg and lying on the floor. After Monica leaned over her mother, defendant told her to move out of the way and then shot Monica again when she refused, wounding her in her wrist. Defendant then proceeded to shoot Joyce two more times, wounding her in the leg again and in her upper abdomen. In all, defendant fired five shotgun blasts at close range, three of them when both victims were together in the kitchen. When later arrested in the parking lot of *1176 the hospital where the victims had been taken by a third party after the shootings, defendant was in possession of a twelve gauge pump shotgun fully loaded with six shells, and had two other shells in his front pocket.
Defendant was charged with and found guilty of two counts of attempted first degree murder. He was sentenced to serve two fifty year concurrent sentences at hard labor without benefit of parole, probation, or suspension of sentence.
Appealing, defendant raises four assignments of error, three of which are argued.[1]
REQUESTED SPECIAL JURY CHARGE
In this assignment of error, defendant contends the trial court erred in denying his request for two special jury charges concerning possible verdicts of attempted first degree murder and attempted second degree murder. Specifically, the defendant requested the trial judge to instruct the jury that in order to convict on the charges of attempted first degree murder or attempted second degree murder it must find the defendant had a “specific intent to kill”.
Relying on State v. Butler, 322 So.2d 189 (La.1975) and State v. Latiolais, 453 So.2d 1266 (La.App. 3rd Cir.1984), writ denied 458 So.2d 125 (La.1984), defendant points out that a specific intent to kill is an essential element of the attempt crimes of first degree and second degree murder, and that an intent to inflict great bodily harm, though sufficient to find a defendant guilty of murder if the victim dies, is insufficient to find him guilty of the attempted offenses where the victim survives. According to defendant, by failing to read the requested jury charge on specific intent to kill, the judge erroneously permitted the jury to find him guilty of attempted murder based on a finding of an intent to inflict great bodily harm where the evidence was only sufficient to find him guilty of a battery.
In State v. Butler, supra, the trial judge instructed the jury that in order to find the accused guilty of attempted murder it must find either a specific intent to kill or of a specific intent to inflict great bodily harm. In overruling the conviction for attempted murder, the Supreme Court in Butler held that the instruction was erroneous because a specific intent to kill is an essential element of the crime of attempted murder, a crime that carries a more difficult burden of proof for conviction than murder, which requires either a specific intent to kill or to inflict great bodily harm. The Butler court noted that a deadly weapon may be used with a specific intent to maim or seriously injure, rather than to kill, and that a defendant, though guilty of murder if the victim dies, would not be guilty of attempted murder if the shot or blow did not kill the victim.
Although we do not quarrel with the holding in Butler, defendant’s reliance on the cited case is misplaced. Unlike the judge in Butler, the trial judge in the instant case did not specifically instruct the jury that it could find the defendant guilty of attempted murder by finding that he had either a specific intent to kill or a specific intent to inflict great bodily harm. Instead, the trial judge read the statutory definitions of first degree murder, second degree murder, manslaughter, and battery and then recited the statutory definition of attempt. In reading the law on first degree murder, the trial judge specifically stated that it was the “killing of a human being ... when the offender has the specific intent to kill, or to inflict great bodily harm upon more than one person”. He later stated that it was “essential to an attempt that there be a specific intent to commit the crime” and that the test was whether “the defendant would be guilty of the crime charged if his intention had been fully consummated or carried out.”
It is indeed arguable, however, that by refusing to give the requested jury *1177 charge which would have clarified the specific intent required for attempted murder, the trial judge implicity permitted the jury to infer from the statutory definitions of the crimes that it could find the defendant guilty of attempted murder simply by finding that he had an intent to inflict great bodily harm upon the victims. Considering the overwhelming evidence of the defendant’s intent adduced at trial, however, we conclude the judge’s error of omission was harmless.
An intent to kill can reasonably be implied from the intentional use of a deadly weapon to produce injuries involving serious risk of death. State v. Butler, supra; State v. Jordan, 276 So.2d 277 (La.1973). Because the defendant shot the victims five times at close range in the house and was later arrested with a fully reloaded shotgun and extra shells in the hospital parking lot, the evidence established beyond a reasonable doubt that defendant had a specific intent to kill the victims. Joyce Pratt testified that she thought defendant was trying to kill her and her daughter. In light of this evidence, it is clear that the jury, in finding defendant guilty on both counts, based its verdict on a finding of the specific intent to kill rather than a specific intent to inflict great bodily harm. Considering the totality of the evidence, we conclude that the trial judge’s refusal to read the requested jury charge concerning specific intent did not affect substantial rights of the accused and, therefore is not grounds for reversal. LSA-C.Cr.P. Art. 921.
SUFFICIENCY OF EVIDENCE
In this assignment of error, defendant contends the evidence is insufficient to sustain the convictions for attempted first degree murder because the State failed to prove he actively desired the death of more than one person. Defendant argues that all the firings of the shotgun were separate acts, i.e., by firing at Monica in one room he did not actively desire to kill Joyce and by firing at Joyce in a separate act in another room he did not actively desire to kill Monica. We disagree.
The first degree murder statute involving multiple victims requires that the offender actively desire that the death or great bodily harm of more than one person result from the act or acts by which he committed the homicide or by an act inseparable therefrom. State v. Stewart, 458 So.2d 1289 (La.1984). The killing of one victim by the defendant does not support a conclusion that he “actively intended” to kill more than one person unless the defendant simulanteously harbored a specific intent to kill another person while shooting the first victim. State v. Andrews, 452 So.2d 687 (La.1984).
Most recently in State v. Thomas Williams, 480 So.2d 721 (La.1985), the Supreme Court held that the statutory definition of first degree murder includes those in which the murderer specifically intended to kill more than one person and actually caused the death of one person and the risk of death or great bodily harm to at least one other person, “all by a single act or by a series of acts in a single consecutive course of conduct”. In Williams, supra, the evidence was sufficient to sustain a first degree murder conviction where the defendant in a hostile mood in a barroom pulled out a pistol and killed one person, then immediately turned the weapon on other patrons, firing at and missing two men at one end of the bar, firing at and wounding the bar owner at the other end, and firing at but missing another patron. Similarly, in State v. Ferdinand Johnson, 480 So.2d 391 (La.App. 4th Cir.1985), we held an indictment for first degree murder sufficient where it alleged that the defendant had fired multiple shots in succession at two victims following an altercation, killing one person and missing the other.
Applying this law to the instant case, we conclude the evidence was sufficient to convict defendant of attempted first degree murder. After shooting the first victim in the dining room, defendant proceeded to fire a second shot at the second victim in the kitchen and then fired *1178 three more shots at both victims at close range in the same room as one victim knelt over the other. Although defendant claimed the shots were accidental and denied having had a specific intent to kill either victim, his multiple firings of the shotgun at close range at both women in rapid succession constituted a series of inseparable acts manifesting his specific intent to kill more than one person during a single consecutive course of conduct within the meaning of State v. Williams, supra. Under these circumstances, there was sufficient evidence for the jury to find the defendant guilty beyond a reasonable doubt on both counts of attempted first degree murder.
This assignment of error lacks merit.
SENTENCING
Defendant further argues the trial court erred in sentencing him to serve concurrently fifty years at hard labor on each count “without benefit of parole, probation or suspension of sentence”. We find merit to this contention.
Although first degree murder is punishable by death or life imprisonment at hard labor without benefit of parole, probation or suspension of sentence, LSA-R.S. 14:27, the attempt statute, provides that a defendant convicted of attempted first degree murder may be sentenced to a maximum of fifty years at hard labor. Because the penalty provision of the attempt statute does not authorize the imposition of a sentence without benefit of probation, parole or suspension of sentence, the Louisiana Supreme Court has held that the trial court cannot lawfully qualify the defendant’s sentence for the attempted crime by imposing such ineligibility, even though the completed crime may be punishable by imprisonment without benefit of parole, probation or suspension of sentence. State v. Green, 391 So.2d 833 (La.1980).
We therefore conclude the trial judge, erred in imposing imprisonment “without benefit of probation, parole or suspension of sentence” in the instant case.
For the foregoing reasons, defendant’s convictions on both counts of attempted first degree murder are affirmed, but the concurrent sentences of fifty years imprisonment “without benefit of probation, parole or suspension of sentence” are set aside. The matter is remanded for resen-tencing as provided herein.
CONVICTIONS AFFIRMED; SENTENCES SET ASIDE; REMANDED FOR RESENTENCING.

. Defendant’s first assignment of error, concerning the denial of a defense challenge for cause, has not been argued in brief and is therefore considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4; State v. Turner, 337 So.2d 1090 (La.1976).