441 So.2d 721 (1983)
STATE of Louisiana
v.
Cannon Farrell FAULKNER, Jr.
No. 82-KA-2306.
Supreme Court of Louisiana.
November 28, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Alfred R. Ryder, Dist. Atty., Errol D. Deshotels, Asst. Dist. Atty., for plaintiff-appellee.
Robert Royer, Baton Rouge, for defendant-appellant.
DIXON, Chief Justice.
The defendant was found guilty of second degree murder, in violation of R.S. 14:30.1, for shooting his landlord. He was sentenced to life imprisonment at hard labor and brings this appeal. The defendant *722 argues that the trial court erred in refusing to admit into evidence the defendant's testimony of his knowledge of the victim's bad character, and argues that the evidence was insufficient to support a guilty verdict.
The defendant had lived in a small trailer on the victim's property for four to five months. He paid no rent, but was expected to watch the property of the victim. The victim arranged for electricity to be provided for the trailer, but had the bill sent to himself. The parties agreed that the defendant would pay the bill. The electric bill was higher than expected, and the fatal shooting occurred on a day when the victim came to collect for the bill.
The defendant testified that he was scared; that he shot to protect himself. A homicide is justifiable when committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm, and that the killing is necessary to save himself from that danger. R.S. 14:20.
The defendant sought to introduce into evidence his knowledge of a prior act of violence by the victim to show the defendant's state of mind and his knowledge of the victim's violent character. (The victim had told the defendant on an earlier occasion that he had pulled a gun on a sheriff during a domestic quarrel). Only that one act of prior violence was offered, and no evidence was offered to show that the victim had a general propensity toward violence or a general reputation for violence.
The trial court determined that the defendant had not made a proper showing of a hostile demonstration or overt act on the part of the victim, as required by R.S. 15:482[1] and would not admit the evidence of the prior act of violence.
An overt act by the victim must cause a reasonable person to fear that he is in imminent danger of great bodily harm to justify a homicide. State v. Jackson, 419 So.2d 425 (La.1982). In State v. Cavalier, 421 So.2d 892, 894 (La.1982), this court found no appreciable overt hostile act when the victim walked across the street toward the defendant and reached into his waistband. In State v. Edwards, 420 So.2d 663, 670 (La.1982), the court found an overt act or hostile demonstration when the victim sprang from the bed, cursed the defendant and told her: "I told you I'd kill you if you come (sic) here again." The victim was two feet from the defendant when he was shot, and the defendant had backed away before shooting.
In State v. Jackson, supra (on rehearing), this court found that the defendant reasonably believed herself to be in imminent danger of assault when the victim approached her in a threatening manner, cursing and holding her right arm behind her, and continuing to advance after warning shots had been fired. When the fatal shot was fired, the defendant had backed up against a parked car.
Faulkner testified that the victim approached him with his hands doubled up and on his hips. The defendant quoted the victim as stating: "I ought to whip your ass." He later quotes him as stating: "I'm going to whip your ass." The victim then took a few steps toward the defendant, but was still eight to ten feet from the defendant when he was shot.
The defendant was in the doorway of his trailer and might have retreated inside. He did not display his gun before firing, nor did he fire any warning shots. The victim was a larger and younger man than the defendant, but displayed no weapon or other intent to inflict great bodily harm. Because there was no overt act or hostile demonstration sufficient to warrant a reasonable apprehension of imminent death or great bodily harm, the trial court did not err in sustaining the objection to evidence of an earlier assault by the victim upon another person.
*723 In his second argument, the defendant contends that the evidence presented at trial was insufficient to support the verdict. He claims that the homicide was justifiable and that the evidence shows that it was committed in self-defense.
The state presented evidence to show that the defendant had previously disagreed with the victim concerning the light bill, and had discussed his feelings with some of his neighbors. According to their testimony, he told them that he would not run from the victim, and added: "Well, I can't fight him. I'll have to hurt him. If [he] comes at me, I'll kill [him]."
There was testimony that the defendant shook his finger at the victim after he was shot and said, "Now, ..., you won't screw me on my light bill any more." There was sufficient evidence of hostility on the part of the defendant against the victim to lead a reasonable trier of fact to believe that the defendant awaited a confrontation and was prepared to kill.
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the homicide was not committed in self-defense. The standard for a finding of guilt announced by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), has been met. See State v. Lynch, 436 So.2d 567 (La.1983).
The defendant's conviction and sentence are affirmed.
LEMMON, J., dissents and will assign reasons.
NOTES
[1] "In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible." R.S. 15:482.