BARRY, Judge.
Defendant was convicted of manslaughter, La.R.S. 14:31, and sentenced to five years at hard labor. He requests review for errors patent. There are none.
Although not assigned as error, we reviewed the sufficiency of evidence to support defendant’s conviction. State v. Ray-mo, 419 So.2d 858 (La.1982). We must consider whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty of manslaughter and the homicide was not committed in self-defense. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Faulkner, 441 So.2d 721 (La.1983); State v. Lynch, 436 So.2d 567 (La.1983).
To support manslaughter, the state must prove the defendant committed a homicide which would be murder under either La.R.S. 14:30 or La.R.S. 14:30.1, but the offense was committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation will not reduce a homicide to manslaughter if the offender’s blood had actually cooled, or any average person’s blood would have cooled, at the time the offense was committed. La.R.S. 14:31.
A homicide is justifiable when committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger. La.R.S. 14:20.
There was testimony the defendant was assaulted by the victim who was angry with him for losing marijuana the defendant was to sell for him. The defendant ran away but returned minutes later wielding a gun. He fired five shots, killing the victim. Although defendant testified the victim was armed with a gun and threatened to kill him, no gun was found. Eyewitnesses confirmed the victim did not have a gun.
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty of manslaughter and the homicide was not committed in self-defense. State v. Edwards, 420 So.2d 663 (La.1982); State v. Ford, 315 So.2d 276 (La.1975).
Defendant’s conviction and sentence are affirmed.
AFFIRMED.