CARTER, Judge.
By writ, No. 84-K-2083, 464 So.2d 298, the Louisiana Supreme Court remanded this case to this Court for reconsideration setting forth that the applicable standard for our review is “whether a rational fact-finder, after viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that the homicide was not committed in self-defense or in defense of others. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 [61 L.Ed.2d 560] (1979); State v. Faulkner, 441 So.2d 721 (La.1983); State v. Lynch, supra.” [1]
Robert Matthews was charged by grand jury indictment with the second degree murder of Jimmie (Jimmy) Charles, in violation of LSA-R.S. 14:30.1. After pleading not guilty, defendant was tried by jury and found guilty as charged. He received the mandatory sentence of life imprisonment without benefit of probation, parole or suspension of sentence.
The original appeal resulted in affirmance of the conviction and sentence. State v. Matthews, 459 So.2d 40 (La.App. 1st Cir.1984).
ISSUE
The issue is whether, when viewing the evidence in the light most favorable to the state, any rational trier of fact (in this case, the jury) could have found beyond a reasonable doubt that the homicide was not committed in self-defense or defense of others. LSA-C.Cr.P. art. 821.
PACTS
Although the facts are fully set forth in the original opinion, some amplification of same are set forth herein. Further, it is important to note that there was much contradictory testimony adduced at trial. The defendant, Robert Matthews, his brother-in-law, Hollis Elzey, and his brother, Raymond Matthews, as well as other relatives presented testimony conflicting with that of Richard Davis [2], the owner of Davis’ Bar & Lounge, which was formerly the American Legion Hall and the place where the incident occurred, and Peridar Cannon and Galen Guy, two unrelated and apparently disinterested witnesses.
The facts as presented by the state’s witnesses indicate that on Sunday, June 25, 1983, at about 10:30 or 11:00 p.m. a confrontation occurred in East Feliciana Parish between defendant, his brother, Raymond Matthews, and their brother-in-law, Hollis Elzey, on one side and Jimmy Charles, the decedent, on the opposite side. Jimmy Charles had been living common-law with Mary Elzey, the mother of Hollis El-zey.
Because of an incident involving Theresa Elzey, Hollis Elzey’s fifteen-year-old niece, *1335 Hollis Elzey, Raymond Matthews, and defendant went looking for Jimmy Charles. Raymond was the first of the three to locate Charles. Upon finding Charles, Raymond declared that someone was going to “die that night.” Elzey and defendant arrived, in that order, on the scene, and the three cornered Charles at a grocery store next door to Davis’ Bar & Lounge in Clinton, Louisiana.
Elzey approached Charles, who was close to or behind an ice machine, while Raymond positioned himself nearby. The defendant stationed himself behind a truck aiming a handgun in the direction of Charles. Only Elzey was apparently unarmed. Charles had a revolver, Raymond had a shotgun and pistol, and defendant had a pistol. Charles and Elzey entered into a conversation during which Raymond Matthews handed defendant the shotgun, remarking that Robert should take the shotgun because he could miss with the pistol. The conversation between Charles and Elzey turned into a heated argument with Elzey banging on the ice machine, then striking Charles several times with his fists, and finally hitting Charles in the head with a Coke bottle. After Elzey delivered the blow with the bottle, Charles pulled a gun, and Elzey started to run. Charles then shot Elzey a number of times with the revolver as Elzey tried to take cover. Thereupon, defendant shot Charles in the stomach with the shotgun, and Raymond Matthews shot Charles in the arm with the pistol. Charles, despite his mortal wounds, continued to shoot at Elzey, who received five wounds in all, but survived. Charles died as a result of the wounds inflicted by the shotgun.
LAW
LSA-R.S. 14:20, which deals with justifiable homicide provides in part, as follows:
A homicide is justifiable:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger; or
(2) When committed, for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm, by one who reasonably believes that such an offense is about to be committed and that such action is necessary for its prevention. The circumstances must be sufficient to excite the fear of a reasonable person that there would be serious danger to his own life or person if he attempted to prevent the felony without the killing.
LSA-R.S. 14:21 provides for the situation involving the aggressor, as follows:
A person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict.
LSA-R.S. 14:22 extends justifiability to the defense of another person, as follows:
It is justifiable to use force or violence or to kill in the defense of another person when it is reasonably apparent that the person attacked could have justifiably used such means himself, and when it is reasonably believed that such intervention is necessary to protect the other person.
LSA-R.S. 15:271 deals with the burden of proof when the defendant pleads not guilty, in the following language:
The plea of not guilty throws upon the state the burden of proving beyond a reasonable doubt each element of the crime necessary to constitute the defendant’s guilt.
LSA-C.Cr.P. art. 804 deals with the charge as to “reasonable doubt,” as follows:
A. In all cases the court shall charge the jury that:
(1) A person accused of crime is presumed by law to be innocent until each element of the crime, necessary to constitute his guilt, is proven beyond a reasonable doubt;
*1336 (2) It is the duty of the jury, in considering the evidence and in applying to that evidence the law as given by the court, to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence in the case; and
(3) It is the duty of the jury if not convinced of the guilt of a defendant beyond a reasonable doubt, to find him not guilty.
The court may, but is not required to, define “the presumption of innocence” or “reasonable doubt” or give any other or further charge upon the same than that contained in this article.
B. When there are several grades of an offense contained in a single count, the court shall charge the jury as to each grade of which the defendant could be found guilty. The court shall in that case also charge the jury that if it has a reasonable doubt as to any or all grades of the offense charged it shall find the defendant not guilty of that grade, or all grades of the offense, as the case may be.
In the instant case the defendant has asserted that he acted in self-defense or in the defense of another person. Consequently, the state had the burden of establishing beyond a reasonable doubt that the defendant did not act in self-defense or defense of another. State v. Lynch, supra.
A defendant who has been charged and is on trial for homicide and asserts that he acted in self-defense or defense of another does not assume any burden of proof whatever on that issue; the state has the entire and affirmative burden of proving beyond a reasonable doubt that the homicide was not justifiable under the particular circumstances. See State v. Pittman, 428 So.2d 979 (La.App. 1st Cir.1983), writ denied, 433 So.2d 155 (1983); cert. denied. — U.S. -, 104 S.Ct. 122, 78 L.Ed.2d 120 (1983).
Now, applying the applicable standard of review to the recited facts, which is the evidence viewed in the light most favorable to the prosecution, could a rational fact-finder (the jury in this case) have found beyond a reasonable doubt that the homicide was not committed in self-defense or in defense of another or others? Our review of the evidence in the record convinces us that a rational fact-finder could have found beyond a reasonable doubt that the homicide was not committed in self-defense or in defense of another or others. The evidence establishes that defendant, as part of a plan conceived by he, his brother, and Elzey to get back at Charles for Charles’ treatment of Elzey’s niece, shot and killed Charles. The Elzey-Matthews group was the aggressor, and the evidence shows that they never intended to withdraw from the conflict. The evidence offered by the state establishes that the defendant remained at his station primed to kill Charles and that when the opportunity arose, he did indeed kill Charles.
Viewing the evidence in the light most favorable to the state, we hold that any rational trier of fact could have found beyond a reasonable doubt that the homicide perpetrated by Robert Matthews, the defendant, was not committed in self-defense or in defense of others. The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The citation for State v. Lynch is 436 So.2d 567 (La.1983).

. Richard Davis was in fact related to the accused being a second cousin on his "mama’s side.”