508 So.2d 1017 (1987)
STATE of Louisiana
v.
Harry GAINES, Jr.
No. 87-KA-136.
Court of Appeal of Louisiana, Fifth Circuit.
June 16, 1987.
*1018 John H. Craft, Gretna, for defendant/appellant.
John M. Mamoulides, Dist. Atty., Ronald Bodenheimer, Dorothy Pendergast, Asst. Dist. Attys., Gretna, for the State.
Before GAUDIN, WICKER, and GOTHARD, JJ.
WICKER, Judge.
Harry Gaines, Jr. (Gaines), defendant, was charged by indictment with the manslaughter of Willie Massey (Willie) in violation of L.S.A.-R.S. 14:31. Gaines entered a plea of not guilty. He was tried by jury and found guilty of manslaughter. He was sentenced to nine years at hard labor. Gaines now appeals that conviction.[1] We affirm.
The testimony at trial set out the following: On December 29,1985 at approximately 2:30 a.m. Gaines entered Massey's Bar located in Jefferson Parish. The victim-owner, Willie, and Willie's son, Kevin Massey (Kevin) were behind the bar when Gaines placed his order for drinks. Kevin prepared the drinks. After complaining that one of the mixtures had too much milk, Gaines knocked it over, causing it to hit the floor. Willie and Gaines then began to exchange words.
Willie unsuccessfully attempted to climb over the bar. Kevin, however, succeeded in crossing over the bar jumping onto the defendant. Following the altercation, Gaines was assisted to his feet and escorted *1019 to the door. At the doorway a scuffle occurred between Willie and Gaines. Gaines was armed with a gun while Willie was unarmed.
A shot was fired, striking Willie in the chest and resulting in his death shortly thereafter. Gaines then fired one or two shots into the bar and fled the scene dropping or throwing the gun along the way.
Gaines surrendered, giving a statement to the police describing the events. At trial he denied shooting Willie and urged that his actions were justified since he acted in self-defense.
Gaines now assigns two errors:
1. That the evidence presented at trial was not sufficient to justify the verdict, and
2. Any and all errors patent.

SUFFICIENCY OF EVIDENCE
Gaines contends that the evidence at trial was not sufficient to justify the verdict. The State asserts that this court lacks the authority to examine the record to determine whether there has been sufficient evidence since the issue of sufficiency was not raised in the trial court nor was it briefed in this court.
We have recently held that "[whenever] appellant raises the issue of sufficiency through his assignments of error, we are constrained to review the record in this regard in light of [State v. Raymo [419 So.2d 858, 861 (La.1982)]." State v. Falls, 508 So.2d 1021, 1024 (1986).
The standard used by a reviewing court in evaluating a claim of insufficient evidence is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendant guilty of every element of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Williams, 490 So.2d 255 (La.1986).
In the instant case, the jury, after hearing all of the evidence found Gaines guilty of manslaughter. They must have found the State's witnesses to be the more credible and did not find the defendant's affirmative defense of self-defense to be proven.
L.S.A.-R.S. 14:31 defines manslaughter[2] as follows:
A homicide which would be under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed[.]
Second degree murder is defined by L.S.A.-R.S. 14:30.1 in pertinent part as "the killing of a human being: (1) when the offender has a specific intent to kill or to inflict great bodily harm." Thus, manslaughter is a specific intent killing. L.S. A.-R.S. 14:31; 14:30.1. The culpable state of mind required is the specific intent to kill or to inflict great bodily harm. Tompkins, infra.
Specific criminal intent is present "when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." L.S.A.-R.S. 14:10. We recently held that:
Specific intent, being a state of mind, need not be proven as a fact; it may be inferred from the circumstances of the transaction. R.S. 15:445; State v. Fuller, 414 So.2d 306 (La.1982). Whether specific intent existed is an ultimate legal conclusion to be resolved by the fact finders. State v. Graham, 420 So.2d 1126 (La.1982); State v. Huizar, 414 So.2d 741 (La.1982). State v. Davis, 496 *1020 So.2d 1197 (La.App. 5th Cir.1986) at 1199.
Viewed in the light most favorable to the prosecution, the State's evidence, as well as certain testimony from the defense witnesses supports that Gaines shot Willie with the specific intent to kill him or to inflict great bodily harm.
The testimony of the State's witnesses and some of the defendant's witnesses showed that each witness either saw the defendant fire a shot or heard a shot go off while the defendant was in close proximity to the victim. These witnesses also testified that no one other than the defendant was armed prior to and at the time of the shooting.
The coroner testified that the victim was shot at a range of less than six inches, supporting a conclusion that it was the first bullet fired by the defendant which killed the victim. Furthermore, there was testimony that Gaines slammed the door on Willie and that Willie slapped Gaines. Following Willie's slap, Gaines pulled his gun and fired.
Although at trial, Gaines denied shooting Willie, he did admit to having a gun. The jury obviously did not believe Gaines' assertion that he did not shoot Willie. It is not our function to determine the credibility of witnesses and overturn the factual determination of guilty on the part of the jury. State v. Barnes, 491 So.2d 42 (La. App. 5th Cir.1986); State v. Richardson, 425 So.2d 1228 (La.1983).
Moreover, Gaines' admitted to firing a second shot into the ceiling in what he described as an attempt to prevent others from harming him. However, he admitted that he saw no other gun.
A rational trier of fact could conclude that Gaines was guilty of manslaughter beyond a reasonable doubt.
Although the defendant does not argue on appeal that the jury erred by failing to find that he acted in self-defense, he did in fact raise that defense at trial. Several of the defendant's witnesses testified that the victim was holding the defendant by his shirt collar and slapping him immediately prior to the shooting.
Gaines and other defense witnesses also testified that Willie was preventing Gaines from leaving the bar. On the other hand, witnesses for the State testified that Gaines was free to leave the bar.
"A homicide is justifiable: (1) when committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from the danger[.]" L.S.A.-R.S. 14:20. See also, State v. Allen, 463 So.2d 680 (La.App. 4th Cir.1985).
In a homicide case a defendant who alleges that he acted in self-defense does not bear the burden of proof, rather the State bears the burden of establishing beyond a reasonable doubt that the homicide was not perpetrated in self-defense. State v. Edwards, 420 So.2d 663 (La.1982); State v. Necaise, 466 So.2d 660 (La.App. 5th Cir. 1985).
In the present case, the jury considered the conflicting evidence regarding the extent of the physical abuse by Willie and whether Gaines was prevented from leaving by Willie. The fact finder in a criminal case is entrusted with the duty of weighing the credibility of witnesses and an appellate court should not disturb credibility determinations beyond its evaluation of sufficiency of evidence. State v. Sharlow, 493 So.2d 213 (La.App. 5th Cir.1986).
Accepting the State witnesses' version that Willie did not restrain Gaines from leaving, nor did Willie brutalize Gaines, it does not appear that the victim attacked the defendant in such a manner as to give rise to a reasonable belief in the defendant that he was in imminent danger of losing his life or receiving great bodily harm and that killing the victim was necessary to save the defendant from that danger. Necaise, supra. Thus, the State proved beyond a reasonable doubt that the defendant did not act in self-defense when he shot the victim. Accordingly, this assignment lacks merit.

*1021 ERROR PATENT
Also assigned as error are any and all errors patent on the fact of the record. L.S.A.-C.Cr.Proc. Art. 920 provides that "[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Parr, 498 So.2d 103 (La.App. 5th Cir.1986).
A review of the record reflects that there are no patent errors. Accordingly, this assignment lacks merit.
Therefore, for the reasons stated, Gaines' conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] On October 7, 1986 Gaines was sentenced. He filed a pro se motion for appeal on October 14, 1986, which was within five days from the imposition of sentence and therefore timely in accordance with L.S.A.-C.Cr.Proc. Art. 914. The motion, however, was marked moot. On October 20, 1986 Gaines' counsel filed the second motion for appeal. Although the second motion was untimely, the first was not. Therefore, this court has jurisdiction to hear the appeal.
[2] We note that "heat of blood" and "sudden passion" are not elements of the offense of manslaughter, but rather are factors in the nature of mitigating circumstances which may reduce the grade of homicide. State v. Tompkins, 403 So.2d 644 (La.1981), appeal after remand, 429 So.2d 1385 (La.1982).