535 So.2d 541 (1988)
STATE of Louisiana, Plaintiff-Appellee
v.
MacArthur LATCHIE, Defendant-Appellant.
No. CR 88-493.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1988.
Michael J. Bonnette, Natchitoches, for defendant-appellant.
Michael Henry, Dist. Atty., Natchitoches, for plaintiff-appellee.
Before STOKER, LABORDE and KING, JJ.
KING, Judge.
The sole issue presented on appeal is whether or not the State met its burden of proof that defendant did not kill the victim in sudden passion or in self-defense.
The defendant, MacArthur Latchie (hereinafter defendant), was indicted, tried and convicted for the crime of second degree murder, a violation of La.R.S. 14:30.1. Defendant was sentenced to serve a term of life imprisonment without benefit of probation, parole or suspension of sentence. Defendant appeals his conviction alleging one assignment of error, that the verdict was contrary to the law and the evidence. Defendant contends that he acted in self-defense and, at most, was guilty of manslaughter, because the State failed to prove that this killing was not in the heat of passion or was not justified as self-defense. We affirm.

FACTS
Defendant had been living in open concubinage with Evelyn Smith, the victim's wife, since June, 1987. Between May, 1987 and October 7, 1987, the date of the killing, various incidents occurred where the victim, *542 Lonnie Smith (hereinafter the victim), had threatened, or attempted to physically assault the defendant.
On October 7, 1987, the defendant and Evelyn Smith were in the process of moving into a new apartment. The defendant had borrowed a truck to facilitate the move. While defendant was loading this truck, bullets fell from his pocket. Don Roberson, who was present and waiting to use the truck, testified that the defendant said, "I'm not worried about anything because I'll burn somebody."
Later that day, Mrs. Smith went to the victim's home to pick up a heater. The victim returned home while his wife was there. The victim became upset and told his wife that he would get the defendant. Mrs. Smith left and immediately drove in her car to the apartment complex where she and the defendant lived. As she turned her car into the apartment complex, the victim's car sped by her car. The defendant was standing in front of his apartment. When the victim stopped his car in front of defendant's apartment, defendant pulled a gun and fired one time through the victim's car windshield. The bullet struck the victim in the head. Then, the defendant moved to the driver's side of the car and fired four more times into the car. The victim was killed in his car.
Contrary to defendant's testimony, other witnesses testified that the victim neither tried to run over the defendant with his car, nor did he verbally threaten to kill the defendant.[1]
The appellate standard of review for the sufficiency of the evidence was set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and has been held to be applicable to cases involving direct or indirect circumstantial evidence. State v. Washington, 421 So.2d 887 (La. 1982); State v. Hebert, 444 So.2d 228 (La. App. 1 Cir.1983). The Jackson standard requires that the evidence, when viewed in the light most favorable to the prosecution, be sufficient for a rational trier of fact to conclude that the essential elements of the crime were established beyond a reasonable doubt.
Second degree murder is defined, in pertinent part, by La.R.S. 14:30.1 as:
"Second degree murder is the killing of a human being:
(1) When the offender has specific intent to kill or inflict great bodily harm;..."
Specific intent is defined by La.R.S. 14:10 as:
"Criminal intent may be specific or general:
(1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act."
Concerning state of mind, specific intent need not be proven as a fact but may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Graham, 420 So.2d 1126 (La.1982). Here, the defendant shot the victim while he was in his car, and then went to the driver's window and shot the victim in his car four additional times. Viewing the evidence in the light most favorable to the prosecution, the jury could find beyond a reasonable doubt that the defendant had the specific intent to kill or inflict great bodily harm on the victim. State v. Noble, 425 So.2d 734 (La.1983).
Defendant also argues that this killing was, at most, manslaughter because it was committed by him in sudden passion or heat of blood. La.R.S. 14:31(1). This contention is groundless. Even though the defendant had been assaulted previously by the victim, they had not had an altercation for at least a month. While the victim told his wife on October 7, 1987 that he would harm the defendant, this intent was never communicated by her to the defendant. *543 Several witnesses testified the victim did not try to run over the defendant with his car or verbally threaten the defendant. Viewing the evidence in the light most favorable to the prosecution, the jury could find that the evidence did not support defendant's claim that he acted in the heat of passion sufficient to deprive an average man of his self control and cool reflection and that the killing of Lonnie Smith was not manslaughter.[2]
Defendant next argues that he shot his victim in self-defense. Justifiable homicide is defined by La.R.S. 14:20 as:
"A homicide is justifiable:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger; ..."
Thus, a homicide is justifiable as self-defense only if the person committing the homicide reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that deadly force is necessary to save his life. State v. Guinn, 319 So.2d 407 (La.1975); State v. Brockington, 437 So.2d 994 (La.App. 3 Cir. 1983).
However, the defendant who asserts self-defense does not assume any burden of proof on that issue. The State has the affirmative duty of proving beyond a reasonable doubt that the homicide was not perpetuated in self-defense. State v. Sylvester, 438 So.2d 1277 (La.App. 3 Cir.1983), writ den., 444 So.2d 606 (La.1984); State v. Brockington, supra, State v. Pittman, 428 So.2d 979 (La.App. 1 Cir.1983), writ den., 433 So.2d 155 (La.1983), cert. den., 464 U.S. 836, 104 S.Ct. 122, 78 L.Ed.2d 120 (1983). Thus, the State must show beyond a reasonable doubt that the defendant did not reasonably believe that he was in imminent danger of losing his life or receiving great bodily harm and that the killing was necessary to save his life.
On appeal, the relevant inquiry is whether any rational trier of fact could have found beyond a reasonable doubt that the homicide was not committed in self-defense after viewing the evidence in the light most favorable to the prosecution. State v. Sylvester, supra; State v. Brown, 414 So.2d 726 (La.1982).
In the case at bar, we find that the State presented more than ample evidence to meet its burden of proof.
Several witnesses testified that the victim did not attempt to run over the defendant with his car, but had stopped in front of defendant's apartment at the time he was shot. Several witnesses also testified that they did not hear the victim threaten the defendant prior to the shooting. The defendant shot the victim five times. After that first shot, defendant could have withdrawn and called the police. Instead, defendant moved to the driver's window of the victim's car and shot the victim four more times. The victim never got out of his car. Even if defendant had fired his first shot in self-defense, his subsequent shooting of the victim was unjustified and not necessary as defendant clearly was no longer in imminent danger of suffering death or great bodily harm. From this evidence the jury could find that the State had met its burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. Applying the Jackson standard of appellate review to the sufficiency of the evidence we find that the jury was justified in rejecting defendant's claim of self-defense.
For these reasons the defendant's conviction is affirmed.
AFFIRMED.
NOTES
[1] Defendant's girlfriend and the victim's wife, Evelyn Smith, also testified at trial that the victim did not threaten the defendant immediately prior to the shooting and never tried to kill the defendant by running over him. Previously, Mrs. Smith had given a statement to the contrary. Mrs. Smith at trial stated that the testimony she gave at trial was the truth.
[2] For the reasons already noted the killing could not be manslaughter under La.R.S. 14:31(2)(a) because defendant had the specific intent to kill his victim.