553 So.2d 911 (1989)
STATE of Louisiana
v.
Richard DOZIER and Shelly Walton.
No. 88-KA-1972.
Court of Appeal of Louisiana, Fourth Circuit.
November 16, 1989.
*912 Harry F. Connick, Dist. Atty., Jack Peebles Asst. Dist. Atty., New Orleans, for plaintiff-appellee State of Louisiana.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendants-appellants Richard Dozier and Shelly Walton.
Before KLEES, LOBRANO and PLOTKIN, JJ.
KLEES, Judge.
The defendants Richard Dozier and Shelly Walton were charged by grand jury indictment with the second degree murder of Gerald Harvey. At the conclusion of trial a jury found Walton guilty as charged and Dozier guilty of manslaughter. Defendant Dozier was sentenced to fourteen years at hard labor. Defendant Walton was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. This appeal follows.
FACTS:
On Mardi Gras morning, March 3, 1987, Gail Thomas was having a party at her apartment at 1507 North Robertson Street in the City of New Orleans. She had both defendants Richard Dozier and Shelly Walton over, and was watching television in her living room at about 3:00 a.m. when the victim, Gerald Harvey came into the apartment. Harvey lived in the apartment with her. Soon after Harvey arrived he and the defendant Shelly Walton got into an argument over some money. An argument escalated until defendant Walton spit on the victim Harvey, after which they started fighting in the living room. Gail Thomas told them to take it outside.
George Yarbrough, the fourteen year old brother of Gail Thomas was present when Walton and Harvey went outside. A fight began and Harvey threw Walton to the ground. Gerald Harvey and George Yarbrough then went back upstairs to Thomas' apartment and slept. At about 9:00 a.m. that morning Yarbrough woke the victim Harvey so they could go get a haircut, but when they went down stairs to get into their vehicle they found that it was blocked by defendant Walton's vehicle.
Gerald Harvey sent George Yarbrough to defendant Walton's apartment to ask him to come move the vehicle. Yarbrough did so, at which time Shelly Walton appeared with co-defendant Richard Dozier and his brother. Walton told Harvey: "If you want the car moved, move it yourself." Harvey, then went with Yarbrough to a nearby Mardi Gras parade, and came back and got his brother, Benjamin and the two of them approached the vehicle of defendant Shelly Walton, which was still blocking the exit of Harvey's vehicle. Walton was in the car working on the radio, and was "laying under the dashboard." Harvey opened the car door and asked Walton whether he was going to move the car. Walton said "No, move it yourself." Whereupon Harvey punched Walton in the *913 face as Walton was lying under the dashboard.
When Harvey punched Walton, co-defendant Richard Dozier came out of Walton's car with a gun. He held it at Gerald Harvey's brother, Benjamin, first who then walked away. At that point Dozier pointed the gun at Gerald Harvey and they argued. Then Shelly Walton produced a gun from under the car seat and shot Gerald Harvey who then was on the outside of the car and was leaning on the car with his hands on the top of the car arguing with Richard Dozier.
The shot struck Gerald Harvey in the neck and killed him.
Defendants appeal their convictions alleging that the State failed to prove beyond a reasonable doubt that the defendants were guilty of second degree murder.
Counsel for defense makes three arguments on appeal: a) the state failed to prove beyond a reasonable doubt that Shelly Walton did not act in self defense; b) in the alternative, the second degree murder conviction of Shelly Walton should be reduced to manslaughter; and c) the state failed to prove beyond a reasonable doubt that Richard Dozier was a principal to the acts committed by Shelly Walton.
The standard of review for a claim of insufficient evidence is whether, after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). Thus, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. State v. Mussall, 523 So.2d 1305 (La. 1988).
Shelly Walton was convicted of second degree murder, defined in La.R.S. 14:30.1A(1) as the killing of a human being with "specific intent to kill or inflict great bodily harm." Defendant Walton argues that he shot the victim in self-defense. La.R.S. 14:20(1) provides that a homicide is justifiable:
When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger.
Once defendant has raised the issue of self-defense, the State then has the burden of establishing beyond a reasonable doubt that the defendant did not act in self-defense. State v. Tassin, 536 So.2d 402 (La. 1988); State v. Rosiere, 488 So.2d 965 (La.1986).
In considering a self-defense claim, it is necessary to consider whether the defendant had a reasonable belief that he was in imminent danger of losing his life or receiving great bodily harm and whether the killing was necessary, under the circumstances, to save the defendant from that danger. State v. Bailey, 261 La. 831, 261 So.2d 583 (1972). Although there is no unqualified duty to retreat, the possibility of escape is a factor in determining whether or not a defendant had the reasonable belief that deadly force was necessary to avoid the danger. State v. Brown, 414 So.2d 726 (La.1982).
After reviewing the testimony, we find that the record plainly shows that defendant Walton could have avoided the danger by moving his vehicle. Even assuming arguendo that Walton believed he was in imminent danger of losing his life or receiving great bodily harm, a reasonable man could not have believed that deadly force was necessary to avoid that danger.
The fact that the victim struck the first blow is not definitive. See State v. Sam, 478 So.2d 769 (La.App. 3rd Cir.1985) writ den. 483 So.2d 1019 (La.1986). In that case the victim pushed the defendant into a wall, and defendant pulled out a gun and shot the victim, who was unarmed. The third circuit found that a reasonable man would not have believed he was in imminent danger of losing his life or receiving great bodily injury. In the instant case the defendant was not justified in killing Gerald Harvey.
*914 Defendant Walton next argues that his conviction should be reduced to manslaughter. Manslaughter is homicide which would be first or second degree murder, but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. La.R.S. 14:31.
"Sudden passion" and "heat of blood" are not separate elements of the offense but are mitigating factors which reduce the offense from second degree murder to manslaughter. State v. Lombard, 486 So.2d 106 (La.1986); State v. Silbey, 450 So.2d 710 (La.App. 4th Cir. 1984). Since they are mitigating factors, the defendant must prove by a preponderance of the evidence that he acted in "sudden passion" or "heat of blood." State v. Lombard, supra. These factors do not have to be proven affirmatively but may be inferred by the jury from the circumstances of the crime. State v. Tompkins, 403 So.2d 644 (La.1981); State v. Peterson, 290 So.2d 307 (La. 1974). In reviewing a claim that the defendant acted in "sudden passion" or "heat of blood," this court must determine whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that those mitigating factors were not established by a preponderance of the evidence by the defendant. State v. Lombard, supra; State v. Cheatham, 519 So.2d 188 (La.App. 4th Cir.1987), writ den., 523 So.2d 228 (La.1988).
There was testimony that Shelly Walton started both the fracas in Gail Thomas' apartment and the ensuing scuffle outside. Walton's having twice refused to move his vehicle may have led the trier of fact to believe that he deliberately provoked the confrontation which ended in the death of the victim. There was sufficient evidence of hostility on the part of the defendant against the victim to lead a reasonable trier of fact to believe that the defendant awaited a confrontation and was prepared to kill. See State v. Faulkner, 441 So.2d 721 (La.1983).
Further, there was testimony showing that the victim struck defendant Walton only once. The victim then turned his attention away from Walton, and several minutes passed before Walton shot the victim. A rational trier of fact could have believed that this was sufficient time for Walton's blood to cool. See State v. Landry, 499 So.2d 1320 (La.App. 4th Cir.1986).
Thus, looking at the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found that the mitigating factors were not established by a preponderance of the evidence.
Defendant Richard Dozier argues that the state failed to prove beyond a reasonable doubt that he was a principal to the acts of Shelly Walton. La.R.S. 14:24 provides that:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit a crime, are principals.
The imposition of criminal liability upon one who aids and abets in a crime is directed at persons who knowingly participate in the planning or execution of a crime. State v. Knowles, 392 So.2d 651 (La. 1980). After reviewing the record, we find scant evidence tending to prove that Dozier had any idea that Shelly Walton was going to kill Gerald Harvey. Indeed, Benjamin Harvey testified that Dozier probably thought Benjamin was going to jump him. Dozier may have been protecting himself from attack. Under the circumstances, we find that no rational trier of fact could have found beyond a reasonable doubt that Richard Dozier was a principal to the killing of Gerald Harvey.
We have reviewed the record for errors patent and find none.
Accordingly, for the reasons stated, the conviction of Shelly Walton is affirmed, and the conviction of Richard Dozier is reversed.
*915 AFFIRMED IN PART; REVERSED IN PART.