SCHOTT, Chief Judge.
Defendant was convicted of first degree murder, a violation of LSA-R.S. 14:30(A)(3). He was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. In an errors patent appeal, this Court affirmed his conviction and sentence. State v. Johnson, No. KA 1278 (La.App. 4th Cir. April 6, 1984). Upon his application for post conviction relief defendant was granted a new appeal, in which he now maintains that the State failed to present sufficient evidence to support, beyond a reasonable doubt, his conviction of first degree murder as opposed to manslaughter.
On May 8, 1981, as he was leaving his job at about 4:30 P.M., Reverend James Earl McGee, Sr., stopped in the office of Thomas Tampke, the supervisor. Defendant entered the office a few minutes later and Tampke and defendant began arguing. Tampke told defendant he would be fired. Defendant slapped Tampke and began kicking and hitting him. McGee tried to intervene, but defendant told him not to interfere because “I am going to kill him.” McGee got defendant out of the office for a minute and tried to leave himself, but defendant made him stay there. Defendant returned to the office and resumed hitting and kicking Tampke. Every time McGee tried to intercede for Tampke, defendant said to McGee, “Don’t you move.” Then defendant insisted McGee “march” in front of Tampke to the warehouse. Tampke was bleeding profusely. In the warehouse, defendant picked up a machete and began striking Tampke with it. At one point defendant turned to McGee and said, “You going to tell everything you have seen.” McGee answered, “No, Allen, if you stop hitting the man, I ain’t going to tell nothing ... let me out of here, give the man a chance.” McGee said that he feared for his life when defendant, still carrying the machete, insisted McGee go back into the office and sit on the floor.
Jimmy Adams, another employee, came into the office, and defendant said to him, “I killed Champion [Tampke], I haven’t killed McGee yet.” Defendant who was still holding the bloody machete told McGee to go back to the warehouse to pray for Tampke, and McGee took the opportunity to escape. When defendant discovered McGee was gone, according to Adams, Johnson “went into a rage, he chopped the desk, he went out looking for McGee.”
The defense argues that the State failed to present sufficient evidence to sustain the defendant’s conviction for first degree murder beyond a reasonable doubt, and that the evidence only supports a verdict of manslaughter. LSA-R.S. 14:30(A)(3) provides in pertinent part:
First degree murder is the killing of a human being:
(3) When the offender has a specific intent to kill or inflict great bodily harm upon more than one person
LSA-R.S. 14:31 provides:
Manslaughter is:
(1) A homicide which would be murder under either Article 30 ... or Article 30.1 ..., but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to de *748 prive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
The defense argues that mitigating factors should reduce the crime from first degree murder to manslaughter. The existence of “sudden passion” and “heat of blood,” which are not elements of manslaughter but mitigating circumstances, may serve to reduce the grade of homicide. State v. Tompkins, 403 So.2d 644 (La.1981), appeal after remand 429 So.2d 1385 (La.1982); State v. Dozier, 553 So.2d 911 (La.App. 4th Cir.1989), writ denied 558 So.2d 568 (La.1990). The jury may infer from the circumstances of the crime that the mitigating factors were present. State v. Dozier, 553 So.2d at 914. Thus, the issue on review is whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the mitigating factors were not established by a preponderance of the evidence. Id.
The record reveals that the jury was aware — through the court’s instructions— that they could return a verdict of manslaughter. Nevertheless, the jury returned a verdict of first degree murder. Therefore, the jury must have concluded that the defendant’s being fired was not sufficient provocation to warrant his brutal attack on his supervisor. Moreover, the jury must have taken into account that the attack consisted of three episodes, and the defendant’s blood could have cooled during the two interim episodes. The defendant spoke with McGee and moved in and out of the office between the first two bouts of injuring the victim; then defendant insisted Tampke and McGee “march” to the warehouse before defendant killed Tampke. We conclude that a rational trier of fact, viewing the evidence in the light most favorable to the State, could have found beyond a reasonable doubt that the defendant was guilty of first degree murder in attacking Tampke with kicks and karate blows and then slashing him numerous times with a machete.
Defense Counsel next argues that the State failed to prove the elements of first degree murder because it did not present evidence beyond a reasonable doubt that the defendant intended to kill or inflict great bodily harm upon more than one person. In order to uphold the first degree murder conviction, the State must show that when defendant killed Tampke, he also intended to kill or inflict great bodily harm upon McGee. The defense relies upon State v. Andrews, 452 So.2d 687, 689 (La.1984), where a first degree murder conviction was modified to manslaughter. The Supreme Court held that although the defendant killed one man and announced his intent to kill a second, he could not be convicted of LSA-R.S. 14:30(A)(3) when the second man was not on the scene. In the instant case, as in Andrews, the defendant declared his intent to kill a second person, but did not kill him. However, Andrews can be distinguished from this case because here the second person, McGee, was on the scene in the immediate presence of defendant; McGee was able to escape only because the defendant was distracted by a third party; and the defendant became enraged on finding McGee gone and began to search for him. If defendant’s interpretation of Andrews is correct the only way one could violate the statute would be to intend to kill two birds with one stone. This is hardly the intent of the statute.
Viewing the evidence in the light most favorable to the State, any rational trier of fact could have found sufficient evidence to conclude that the defendant intended to kill *749 Tampke and to kill or inflict great bodily harm upon McGee.
Accordingly, for reasons given above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.