650 So.2d 288 (1995)
STATE of Louisiana
v.
In the Interest of T.N.
No. 94-KA-669.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1995.
*289 John M. Mamoulides, Dist. Atty., Michele R. Morel, Andrea Price Janzen, and Terry M. Boudreaux, Asst. Dist. Attys., Twenty-fourth Judicial Dist., Parish of Jefferson, Gretna, for plaintiff-appellee.
Linda Davis-Short, Staff Appellate Counsel, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, GOTHARD and CANNELLA, JJ.
KLIEBERT, Chief Judge.
T.N. was charged by petition in juvenile court with violations of LSA-R.S. 14:31, manslaughter, and LSA-R.S. 14:69, possession of stolen property. After an adjudication hearing, the juvenile was found guilty of manslaughter and adjudicated a delinquent. The juvenile's motion for a directed verdict on the charge of LSA-R.S. 14:69 was granted. He was sentenced to serve time with the Department of Safety and Corrections at the Louisiana Training Institute until his twenty-first birthday, with credit for time served, with the sentence to be reviewed in one year. T.N. now appeals.
On appeal, T.N. argues that the evidence supports his defense of self-defense regarding the shooting which resulted in the death of Andre Sanders.
On the evening of November 27, 1993, T.N. and Sanders were shooting dice at Sanders' home. Sanders lost approximately $20.00 to T.N. in the dice game. When T.N. left Sanders' home, Sanders followed T.N. and demanded the return of his money. When T.N. resisted, Sanders struck T.N. and they engaged in a fight which was broken up by other persons. Later that same evening, when Sanders confronted T.N. again, T.N. fired three shots at Sanders. The third shot hit Sanders resulting in his death.
When self-defense is raised as an issue by the defendant, the State has the burden of proving beyond a reasonable doubt that the homicide was not perpetrated in self-defense. State v. Garcia, 483 So.2d 953 (La.1986); State v. Matthews, 464 So.2d 298 (La.1985). LSA-R.S. 14:20 provides that a homicide is justifiable when committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger.
For appellate purposes, the standard of review for a claim of self-defense is whether a rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could find beyond a reasonable doubt that the homicide was not committed in self-defense. State v. Rader, 609 So.2d 857 (La.App. 5th Cir.1992). The determination of the defendant's culpability focuses on a two-fold inquiry: (1) from the facts presented, could the defendant reasonably have believed his life to be in imminent danger, and (2) was deadly force necessary to prevent the danger? State v. Dill, 461 So.2d 1130 (La.App. 5th Cir.1984), writ denied, 475 So.2d 1106 (La.1985).
*290 There is no unqualified duty to retreat from an altercation; however, the possibility of escape is a recognized factor in determining whether or not a defendant had a reasonable belief that deadly force was necessary to avoid the danger. State v. Rader, supra; State v. Dozier, 553 So.2d 911 (La.App. 4th Cir.1989) writ denied, 558 So.2d 568 (La.1990).
In this case, Elliot Alexander testified that after T.N. fired the first two shots, Sanders backed away. Alexander further testified that T.N. could have escaped from Sanders, but instead fired the three shots at Sanders. David Malveo, another witness to the shooting, testified that T.N. kept moving closer to Sanders as T.N. fired each shot and that Sanders stood motionless as the shots were being fired.
T.N. testified that Sanders kept approaching him as he fired the two warning shots prior to the fatal shot. He further testified that he felt his life was in danger and that Sanders continued to threaten him during the shooting.
There was no evidence to indicate that Sanders had any weapon on him at the time of the shooting. T.N. could have escaped the altercation since it took place in an open street. The trial judge made a credibility determination in deciding whether the deadly force used by T.N. was necessary to prevent the danger perceived by T.N. Our view of the evidence, in the light most favorable to the prosecution, leads us to conclude that a rational trier of fact could have found beyond a reasonable doubt that the homicide was not committed in self defense. We therefore agree with the trial court's conclusion that the deadly force used by T.N. in this situation was not necessary to prevent the danger perceived by him.
T.N. also argues that the trial court erred in denying his request for the rap sheets of the prosecution's witnesses. The record shows that defense counsel was afforded an open file discovery and the prosecution informed defense counsel in open court as to the records of the witnesses at a discovery hearing. Defense counsel indicated to the court that he was satisfied with the State's response to this discovery request.
At the adjudication hearing, defense counsel again requested the rap sheets of the witnesses and the victim. The State responded that the victim had no convictions and allowed the court to conduct an in-camera inspection of the victim's rap sheet. The trial court announced that the victim's rap sheet did not reveal any information which defense counsel could have inquired about and therefore denied his request. Defense counsel also requested the rap sheet of David Malveo which was produced by the State. Malveo's rap sheet was used by defense counsel in his cross-examination of Malveo. This assignment lacks merit.
T.N. also argues that the trial court erred in allowing his statement into evidence. In this assignment, T.N. argues that Detective Walther was allowed to repeat oral statements made by the defendant without a showing that the statements were freely and voluntarily given. The defendant also alleges that the statements made by him during questioning and any evidence seized as a result of these statements should have been suppressed in violation of his constitutional rights.
At the adjudication hearing, Detective Walther testified that he informed T.N. and his mother of his Miranda rights and that T.N. signed the juvenile advice of rights form and T.N.'s mother signed the acknowledgment of parent/concerned adult form. These forms were introduced into evidence without objection. Detective Walther was then allowed to testify that T.N. told him he had shot at Sanders three times and had thrown the gun he used in an empty lot near his home.
T.N. and his mother testified that T.N.'s mother requested the officer not question T.N. without a lawyer present and that the officer questioned T.N. outside the presence of an attorney.
The trial judge was again required to make a credibility determination regarding the statements made by the defendant. Based on the record before us, we will not disturb the trial court's ruling on this point. *291 We also feel that this error, if any, would be harmless error since there was ample other evidence to prove that T.N. shot the victim. The shooting itself was not disputed, rather, the only question was whether T.N. shot in self-defense. We have determined that the record before us supports the finding that the State proved beyond a reasonable doubt that T.N. committed manslaughter as charged in the petition.
For the reasons assigned, we affirm the trial court's adjudication of T.N. as a delinquent and his sentence for the conviction of manslaughter.
AFFIRMED.