JxDOUCET, Chief Judge.
The defendant appeals a conviction of second degree murder. He alleges that the state failed to show that he was not acting in self defense when he shot Michael Pickens.
The defendant, Darren Pierre, and Latina Moten had dated for about a year and a half. The two had a child born in July 1993. Ms. Moten testified that their relationship had ended on January 2, 1994. Mr. Pierre testified that he was living in Rayville and believed that they had a stable relationship until February 15, 1994, Mardi Gras day.
Ms. Moten testified that she began dating Michael Pickens in January 1994. She and Pickens went to the Sunset, Louisiana Mardi Gras celebration on February 15, 1994. While there she was approached by Pierre who wanted to speak to her. She refused to talk to him and they parted. The defendant testified that he was threatened by friends of Pickens when he approached Ms. Moten.
Later a crowd gathered to listen to a band. Accounts vary as to when the various parties came to be a part of the crowd. However, a some point Pickens encountered Pierre in the crowd listening to the band. Some witnesses said that Pierre approached Pickens and began arguing. Pierre said that Pickens ap *799 proached him threateningly and reached into his pocket as if to retrieve a weapon. One witness said that Pierre went straight np to Pickens and shot him. However, all the testimony indicates that Pierre pulled 12a handgun out of his pants and shot Pickens in the left side of the head, above the ear. When Pickens fell to the ground Pierre stood over him and shot him five times in the chest. Pierre ran away.
Police officers arrived shortly after the shooting. Someone told Officer Leon Leger that the person who shot the victim had jumped a fence and run in a south/southeasterly direction. Leger followed in that direction with other officers. He was told by a bystander that a man carrying a gun had run by and entered one of the first three houses on Castille Street. By a process of elimination he decided that the man must have entered the first house. Upon entering the house he found the defendant. The defendant had in his possession a Lorein .380 caliber semi-automatic pistol. The pistol along with cartridge casings removed from the scene of the shooting and from Pickens’ clothing were sent to the Acadiana Crime Lab for testing. The lab determined that the shell casings were shot from the pistol found in Pierre’s possession.
On March 21, 1994, Pierre was charged with the second degree murder of Michael Pickens, a violation of La.R.S. 14:30.1. After a trial a twelve-member jury found him guilty as charged. The trial court sentenced the defendant to life imprisonment without benefit of parole, probation, or suspension of sentence.

SELF DEFENSE

Pierre’s only contention on appeal is that the state failed to prove that the killing was not in self defense. This was his only defense at the trial level.
“Second degree murder is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. R.S. 14:30.1. A homicide is justifiable when committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger. R.S. 14:20(1). When a defendant claims self-defense, the state has the burden of establishing beyond a reasonable doubt that he did not act in self-defense. State v. Garcia, 483 So.2d 953 (La.1986); State v. Matthews, 464 So.2d 298 (La.1985); State v. Dozier, 553 So.2d 911 (La.App. 4th Cir.1989), writ denied, 558 So.2d 568 (La.1990).
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based upon proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime |8charged beyond a reasonable doubt. The question presented is whether the appellant acted without justification. Accordingly, the relevant inquiry is whether a rational factfinder, after viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that the appellant did not act in self-defense. State v. Rosiere, 488 So.2d 965 (La.1986).
In considering a self-defense claim, it is necessary to consider whether the defendant had a reasonable belief that he was in imminent danger of losing his life or receiving great bodily harm and whether the killing was necessary, under the circumstances, to save the defendant from that danger. Dozier, 553 So.2d at 913. Although there is no unqualified duty to retreat, the possibility of escape is a factor in determining whether or not a defendant had the reasonable belief that deadly force was necessary to avoid the danger. Id.”
State v. Brumfield, 93-2404, pp. 4-5 (La.App. 4 Cir. 6/15/94), 639 So.2d 312, 315-316.
The defendant argues that the killing was justified because Pickens was approaching him threateningly and he thought Pickens was reaching for a weapon. However, the evidence of the witnesses who saw the entire incident indicates that Pierre approached Pickens. Even had Pickens approached Pierre, it is questionable whether Pickens’ action in reaching into his pocket would be sufficient to engender a reasonable belief in *800 Pierre that deadly force would be necessary to avert the danger of incurring great bodily harm. There is no evidence of record that anyone saw Pickens with a weapon. Nor does the record show that one was found on his body. Although accounts of the encounter vary, none of the witnesses testified that Pickens appeared to reach for a weapon or to make any aggressive action. Further, the medical evidence shows that Pickens was shot in the left side of the head above the right ear. This is not consistent with the face to face confrontation described by Pierre. Further, the fact that the defendant stood over Pickens and fired five more shots into Pickens’ chest is not consistent with self defense.
In the similar ease of State v. Latchie, 535 So.2d 541, 543 (La.App. 3 Cir.1988), this court reasoned as follows:
“Several witnesses testified that the victim did not attempt to run over the defendant with his car, but had stopped in front of defendant’s apartment at the time he was shot. Several witnesses also testified that they did not hear the victim threaten the defendant prior to the shooting. The defendant shot the victim five times. After that first shot, defendant could have withdrawn and called the police. Instead, defendant moved to the driver’s window of the victim’s car and shot the victim four more times. The victim never got Lout of his car. Even if defendant had fired his first shot in self-defense, his subsequent shooting of the victim was unjustified and not necessary as defendant clearly was no longer in imminent danger of suffering death or great bodily harm. From this evidence the jury could find that the State had met its burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. Applying the Jackson standard of appellate review to the sufficiency of the evidence we find that the jury was justified in rejecting defendant’s claim of self-defense.”
Accordingly, we find that the state met its burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. Further, applying the Jackson standard of review, we find that there was sufficient evidence to justify the jury in rejecting Pierre’s claim of self-defense.

PATENT ERROR

La.C.Cr.P. art 920 provides for the review of all criminal appeals for errors patent on the face of the record as follows:
“The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
Our review of this record has revealed two errors patent. First, La.C.Cr.P. art. 880 provides that, when imposing sentence, the trial court must give a defendant credit against the sentence imposed for time served before sentencing. It seems unusual to give Pierre credit for time served since he received a life sentence. However, the jurisprudence requires that even recipients of life sentences be given credit for time served. State v. Thibodeaux, 94-605 (La.App. 3 Cir. 12/7/94), 647 So.2d 525. Resentencing is not required. However, this case will be remanded to the district court. The district court is instructed to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Jones, 607 So.2d 828 (La. App. 1 Cir.1992), unit denied, 612 So.2d 79 (La.1993).
Next, it appears that the trial court failed to inform the defendant of the prescriptive period for post-conviction relief as required by La.C.Cr.P. art. 930.8. This defect has no | shearing on whether the sentence is excessive. Therefore, it is not grounds to reverse the sentence or remand the case for resentencing. La.C.Cr.P. art. 921. The three year prescriptive period does not begin to run until the judgment is final under La.C.Cr.P. art. 914 or 922. As a result, prescription has not yet begun to run in this matter. The purpose of the notice requirement of La.C.Cr.P. art. 930.8. is to inform the defendant of the prescriptive period in advance. Therefore, the district court is directed to inform the defendant of the provisions *801 of La.C.Cr.P. art. 930.8. by sending appropriate written notice to him within ten days of the rendition of this opinion and to file into the record of this proceeding written proof that the defendant received the notice. State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).

CONCLUSION

Accordingly, the defendant’s conviction and sentence are affirmed. The case is remanded to the trial court. The trial court is instructed to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. Further, the district court is directed to inform the defendant of the provisions of La. C.Cr.P. art. 930.8. by sending appropriate written notice to him within ten days of the rendition of this opinion and to file into the record of this proceeding written proof that the defendant received the notice.
AFFIRMED.